## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory G. Hall, N. Levi Hall, E.M.T. Properties, Inc.,**
**Old Home Properties, LLC, Elizabeth's Realty, LLC,**
**Hall Brothers Properties, LLC, and Hallsey's Realty, LLC**
**Plaintiffs Below, Petitioners**

**FILED**

November 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-0928** (Harrison County 12-C-254-3)

**The City of Clarksburg**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioners Gregory G. Hall, N. Levi Hall, E.M.T. Properties, Inc., Old Home Properties, LLC, Elizabeth's Realty, LLC, Hall Brothers Properties, LLC, and Hallsey's Realty, LLC, by counsel Brett Offutt, appeal the August 13, 2014, order of the Circuit Court of Harrison County granting respondent summary judgment. Respondent, The City of Clarksburg, by counsel Boyd L. Warner, filed a response in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1988, the West Virginia State Fire Commission, under the authority granted in West Virginia Code § 29-3-5b, promulgated the West Virginia State Building Code, with an effective date of April 28, 1989. At the same time, the West Virginia Legislature enacted West Virginia Code § 8-12-13, which voided all existing municipal building codes one year after the promulgation of the State Building Code and required a municipality, if it desired thereafter to enact a building code, to adopt the rules and regulations promulgated by the State Fire Commission under West Virginia Code § 29-3-5b.

On April 5, 1990, the City of Clarksburg adopted the West Virginia State Building Code with its passage of Ordinance No. 90-6. In September of 2003, the City of Clarksburg passed Ordinance No. 03-16 to "reflect changes to the State Building Code," "further incorporate procedural details" of the State Building Code into the administrative section of the City Building Code; and to "increase penalty amounts for subsequent citations for the same violation of the City's Building Code[.]"

1

In September of 2008, the City of Clarksburg passed Ordinance No. 08-15, which provided the City additional power and greater flexibility, through West Virginia Code § 8-12-16, to recover "costs expended in demolishing buildings and structures declared to be fire hazards, dilapidated and/or unsafe for human habitation[.]" The passage for Ordinance No. 08-15 resulted in the deletion of Article 1705.10(c) of the City Building Code and its reenactment to state, in part, the following:

> If the owner of a structure fails to comply with a notice of violation, demolition order or other order under this Article, within the time prescribed, the building inspector or his designated representative shall cause the structure to be demolished and removed, either through City forces, any available public agency or by contract or arrangement with a private demolition contractor licensed to do business in West Virginia, and in the event that any cost or expense is incurred by the City in connection with such demolition, the said owner or owners of the real property upon which the said structure is situate shall reimburse and pay the City for all cost and expense incurred, and the City shall have the right to file a lien against the said real property in question for an amount that reflects all costs incurred by the City . . . in connection with the repairing, alternation, improvement, vacating, closing removing and/or demolishing such building or structure and may, in addition thereto, institute a civil action in a court of competent jurisdiction against the landowner or other responsible party for all costs incurred by the City with respect to the property and for reasonable attorney fees and court costs incurred in the prosecution of this action, in the manner prescribed by Section 16, Article 12, Chapter Eight of the West Virginia Code of 1931, as amended.

In 2006, petitioners owned a number of residential properties within the City of Clarksburg. Petitioners contend that they improved many of these properties with new roofs, windows, siding, and paint, as well as interior improvements including new plumbing, fixtures, and carpet. In 2006, respondent, through its City Code Enforcement Department, issued citations, condemnation orders, and demolition orders for three of petitioners' properties: 1) 419/421 Washington Avenue; 2) 439/441 East Pike Street; and 3) 346 Hickman Street. Petitioners appealed respondent's enforcement actions to the BOCA[1] Code Appeal Board ("Board").

With respect to the property located at 419/421 Washington Avenue, petitioners were granted continuances, up to August 31, 2008, to make the necessary repairs to the property. At its September 17, 2008, meeting, the Board voted to uphold the demolition order in effect for 419/421 Washington Avenue, as the necessary repairs had not been made. With regard to petitioners' property located at 439/441 East Pike Street, petitioners were granted multiple extensions and given until August 31, 2008, to bring the property in compliance with the applicable building codes, and to obtain a Certificate of Occupancy from the City Code

---

[1]BOCA refers to the "Building Officials & Code Administrators International," as defined in W.Va. C.S.R. § 87-4-2.6 (1989).

Enforcement Department. At the Board's September 17, 2008, meeting, it found that the required work on 439/441 East Pike Street had not been completed (and what work that was completed was substandard). Accordingly, the Board voted to uphold the demolition order in effect at that property. At its September 16, 2009, meeting, the Board voted to uphold the demolition order for 346 Hickman Street, finding that, despite multiple extensions to complete the necessary repairs to the property, the repairs had not been completed.[2]

In June of 2012, petitioners filed suit against respondent in Harrison County Circuit Court alleging that Ordinance Nos. 03-16 and 08-15 were

> unlawful, illegal and of no legal force and effect and are void *ab initio* because they are, in whole or in part, (a) in violation of the lawfully adopted and promulgated West Virginia State Building Codes in effect at the relevant time periods; (b) in violation of [West Virginia Code § 8-11-2; and, (c) were prepared, adopted and passed in violation of West Virginia Code § 8-11-4.

Petitioners further alleged that the subject ordinances were in excess of respondent's "lawful powers as defined by the West Virginia State Building Code," the 2003 and 2009 International Property Maintenance Codes (adopted in West Virginia Code §§ 8-12-13 and 29-3-5b). Petitioners argued that respondent was required to notify, send, and file a copy of its ordinances and building code within thirty days of adoption with the State Fire Commission and had not properly done so.

In their Complaint, petitioners sought the circuit court's declaration that

> (a) Article 1705.10, entitled, "Demolition," subsection (c), "Failure to Comply," of the Codified Ordinances of Clarksburg – (Ordinance 08-15, adopted and passed on June 19, 2008) is unlawful, invalid and void *ab initio*;
>
> (b) Article 1705.10, entitled, "Demolition," subsection (a), "General," of the Codified Ordinances of Clarksburg – (Ordinance 03-16, adopted and passed on September 19, 2003) is unlawful, invalid and void *ab initio*;
>
> (c) Since enactment, [respondent] has failed to comply with the mandatory requirements of Article 1705.06(b), entitled, "Notice of Violation," and Articles 1705.07(a), (b) and (c), entitled, "Notices and Orders," concerning notices of violation and the required information to be included in the same;

---

[2]Based upon the Board's decisions upholding the demolition order for petitioners' properties, petitioners sought writs of certiorari from the Harrison County Circuit Court seeking relief from the Board's demolition orders. These writs did not challenge the validity of respondent's ordinances and were each denied by the circuit court. Petitioners did not appeal the circuit court's denial of the petitions for writs of certiorari to this Court.

(d) Article 1705.04, entitled, "Right of Entry and Inspection," of the Codified Ordinances of Clarksburg – (Ordinance 03-16, adopted and passed on September 18, 2003) is unlawful, invalid and void *ab initio*;

(e) All citations, notices of violation, condemnation and demolitions issued, ordered and conducted under the Codified Ordinances of Clarksburg as a result of official action taken on behalf of [respondent, by its agent] Jonathan R. Davis during the period of time he was engaged in the unlicensed practice of building code enforcement because he was not certified to do so by the West Virginia State Fire Marshal's Office be held unlawful, invalid and void.

Petitioners contend that after challenging the demolition orders issued by respondent, and losing each challenge, they lacked the financial resources to continue with additional appeals. As respondent continued to issue condemnation and demolition orders for petitioners' properties, petitioners were unable to rent said properties. Without rental income to pay the mortgages on the properties, many were lost to foreclosure. Some properties were demolished by respondent and more are currently on respondent's demolition list.

On October 7, 2013, respondent filed a motion for summary judgment as to petitioners' claims. Respondent argued that it was entitled to summary judgment on three different grounds: (1) petitioners' declaratory judgment action challenging the validity of Ordinance Nos. 03-16 and 08-15 is barred by the doctrine of laches; (2) public policy bars petitioners' challenge to the validity of respondent's ordinances; and (3) respondent complied with applicable law in enacting Ordinance Nos. 03-16 and 08-15. In response, petitioners argued that (1) laches is generally a fact question and not subject to summary judgment; (2) public policy favors petitioners where respondent's actions deprived petitioners of property and caused them injury; and (3) whether respondent complied with West Virginia law in enacting the challenged ordinances presents questions of material fact.

The circuit court heard arguments on respondent's motion for summary judgment on February 7, 2014. On August 13, 2014, the circuit court entered its final order granting summary judgment against petitioners and denied the declaratory judgment sought by petitioners. In granting summary judgment to respondent, the circuit court ruled that, as a matter of law, respondent's building code was properly enacted, and further, that the doctrine of laches barred petitioners' procedural challenges to respondent's Ordinances 06-13 and 08-15. The circuit also ruled that petitioners' procedural challenges with regard to respondent's adoption of the City Building Code were barred as a matter of public policy.

As to petitioners' remaining challenges to Ordinance Nos. 03-16 and 08-15 (that the ordinances were void because they deviate from the State Building Code and because they are in "excess" of respondent's powers as defined by the State Building Code), the circuit court cited West Virginia Code § 29-3-5b, which provides what such determinations must be made by the State Fire Commission. As such, the circuit court ruled that it did not have jurisdiction to determine if the subject ordinances impermissibly deviated from the State Building Code.

4

With respect to petitioners' arguments that Ordinance Nos. 03-16 and 08-15 - were prepared, adopted and passed in violation of West Virginia Code § 8-11-4 - the circuit court ruled that petitioners did not satisfy their burden in establishing this fact. Petitioners did not specify how the ordinances failed to comply with West Virginia Code § 8-11-4(b), and failed to identify any facts supporting their allegations such violations.

With regard to petitioners' contention that respondent failed to notify the State Fire Commission within thirty days of adopting Ordnance Nos. 03-16 and 08-15, the circuit court ruled that these arguments have no "legal effect" because respondent did notify the State Fire Commission within thirty days of adoption of each of the ordinances. The circuit court reasoned that even if respondent had failed to notify the State Fire Commission within thirty days, such failure was cured by later providing the ordinance to the State Fire Marshal.

Finally, the circuit court concluded that the State Fire Commission had authority to determine what portions, if any, of respondent's City Building Code are inferior to the State Building Code and, until that matter is submitted to the State Fire Commission, there cannot be a ruling with regard to an abuse of discretion by respondent of an alleged unidentified abuse of discretion in enforcing respondent's City Building Code. It is from the circuit court's August 13, 2014, order that petitioner now appeals.

We review the entry of summary judgment de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

 Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

On appeal, petitioner raises four assignments of error. First, petitioners allege that the circuit court erred in finding that petitioner's claims were barred by laches. Next, petitioners contend that the circuit court erred in finding that petitioners' claims were barred by public policy. Third, petitioners argue that the circuit court erred in determining that it lacked jurisdiction as to petitioners' claims that respondent's ordinances impermissibly deviated from the State Building Code. Last, petitioners contend that the circuit court erred when it failed to find that Ordinances 03-16 and 08-15 were used in a discriminatory or arbitrary manner.

Finding no error in the circuit court's granting of respondent's motion for summary judgment, or its ruling on any of  the issues which comprise petitioners' assignments of error herein, we fully incorporate and adopt the circuit court's "Final Order Granting Summary Judgment Against the Plaintiffs for Laches, Public Policy, and Alleged Violations of West Virginia Code § 8-11-4 And Denying Declaratory Judgment Relief On Whether The Subject Ordinances Impermissibly Deviate From The State Building Code, Whether The Ordinances Were Used In A Discriminatory Or Arbitrary Manner, and Whether The City Complied with

Notice Requirements" entered August 13, 2014. The Clerk is directed to attach a copy of the Circuit Court's Order to this decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

GREGORY G. HALL, N. LEVI HALL,
E.M.T. PROPERTIES, INC., OLD
HOME PROPERTIES, LLC, ELIZABETH'S
REALTY, LLC, HALL BROTHER'S
PROPERTIES, LLC, and HALLSEY'S
REALTY, LLC,

        Plaintiffs,

vs.                                 Civil Action No. 12-C-254-3
                                     Chief Judge James A. Matish

THE CITY OF CLARKSBURG,
a municipal corporation,

        Defendant.

**FINAL ORDER GRANTING SUMMARY JUDGMENT AGAINST
THE PLAINTIFFS FOR LACHES, PUBLIC POLICY, AND ALLEGED
VIOLATIONS OF W.VA. CODE § 8-11-4 AND DENYING DECLARATORY
JUDGMENT RELIEF ON WHETHER THE SUBJECT ORDINANCES
IMPERMISSIBLY DEVIATE FROM THE STATE BUILDING CODE, WHETHER
THE ORDINANCES WERE USED IN A DISCRIMINATORY OR ARBITRARY
MANNER, AND WHETHER THE CITY COMPLIED WITH NOTICE REQUIREMENTS**

Presently pending before the Court is the Plaintiffs' Verified Complaint for Declaratory

Judgment and Damages. The Plaintiffs, Gregory G. Hall, N. Levi Hall, E.M.T. Properties, Inc.,

Old Home Properties, LLC, Elizabeth's Realty, LLC, Hall Brother's Properties, LLC, and

Hallsey's Realty, LLC, filed their Complaint on June 4, 2012. The Defendant, the City of

Clarksburg, filed an Answer on July 3, 2012. The Defendant filed its Motion for Summary

Judgment on October 7, 2013. The Plaintiffs filed their Response in Opposition to Defendant's

Motion for Summary Judgment on December 9, 2013. The Defendants filed its Reply in support

of its Motion for Summary Judgment on January 15, 2014.

Thereafter, the Court conducted a hearing in this matter on February 7, 2014. After the hearing, the Court permitted the parties to submit additional evidence in the form of a spreadsheet concerning properties owned by each individual plaintiff in the City of Clarksburg. The Plaintiffs filed their spreadsheet on March 3, 2014. The Defendant filed its objections to the Plaintiffs' spreadsheet on March 4, 2014, together with a proposed spreadsheet.

After the hearing on February 7, 2014, the Court took the Defendant's Motion for Summary Judgment under advisement. However, the Defendant's Motion addresses the issues of the Declaratory Relief sought by the Plaintiffs. Accordingly, the Court will treat the Defendant's Motion for Summary Judgment as a Motion on the issue of the Declaratory Relief sought by the Plaintiffs. Therefore, upon consideration of memoranda filed by the parties, the record, and pertinent legal authorities, the Court makes the below findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. The West Virginia State Fire Commission, under the authority granted it by the West Virginia Legislature in W.Va. Code § 29-3-5b (1988), first promulgated the West Virginia State Building Code with an effective date of April 28, 1989.

2. W.Va. Code § 29-3-5b required the state fire commission to promulgate comprehensive rules and regulations, to be known as the "state building code," for the purpose of "safeguard[ing] life and property and ... ensur[ing] the quality of construction of all structures erected or renovated throughout this State."

3. At the same time, the Legislature enacted W.Va. Code § 8-12-13 (1988), which voided all existing municipal building codes one year after the promulgation of the state building code and required a municipality, if it desired thereafter to enact a building code, to adopt

2

the rules and regulations promulgated by the state fire commission under W.Va. Code § 29-3-5b.

4. Council for the City of Clarksburg adopted the State Building Code on April 5, 1990, with its passage of Ordinance No. 90-6. The City's passage of Ordinance No. 90-6 resulted in the addition of Article 1720, entitled "State Building Code," into the City's Codified Ordinances.

5. With its passage of Ordinance No. 97-10 on September 4, 1997, Council of the City of Clarksburg repealed and reenacted Article 1720 of the City's Codified Ordinances. Ordinance No. 97-10 again adopted the State Building Code.

6. On September 18, 2003, Council for the City of Clarksburg read and passed Ordinance No. 03-16 after its second and final reading. The Ordinance was passed "to reflect changes to said State Building Code as adopted by the West Virginia State Fire Marshal; to further incorporate procedural details of said State Building Code into the Administrative Section of the City Building Code; and to increase penalty amounts for subsequent citations for the same violation of the City's Building Code[.]"

7. A copy of Ordinance No. 03-16 was received by the State Fire Marshal on November 9, 2004.

8. Ordinance No. 08-15 was passed by Council of the City of Clarksburg on June 19, 2008. The Ordinance was passed upon the recommendation "that the City fully avail itself of the plenary power provided by [W.Va. Code § 8-12-16.]" The Ordinance further provided that W.Va. Code § 8-12-16 "provide[s] municipalities greater flexibility in recovering costs expended in demolishing buildings and structures declared to be fire hazards, dilapidated and/or unsafe for human habitation[.]" Passage of Ordinance No. 08-

15 resulted in the deletion of Article 1705.10(c) and its reenactment to state the following:

> (c) <u>Failure to Comply</u>: If the owner of a structure fails to comply with a notice of violation, demolition order or other order under this Article, within the time prescribed, the building inspector or his designated representative shall cause the structure to be demolished and removed, either through City forces, any available public agency or by contract or arrangement with a private demolition contractor licensed to do business in West Virginia, and in the event that any cost or expense is incurred by the City in connection with such demolition, the said owner or owners of the real property upon which the said structure is situate shall reimburse and pay the City for all cost and expense incurred, and the City shall have the right to file a lien against the said real property in question for an amount that reflects all costs incurred by the City of Clarksburg in connection with the repairing, alteration, improvement, vacating, closing, removing and/or demolishing such building or structure and may, in addition thereto, institute a civil action in a court of competent jurisdiction against the landowner or other responsible party for all costs incurred by the City with respect to the property and for reasonable attorney fees and court costs incurred in the prosecution of the action, in the manner prescribed by Section 16, Article 12, Chapter Eight of the West Virginia Code of 1931, as amended.

9. Enforcement action taken by the City Code Enforcement Department with regard to three properties owned by the Plaintiffs resulted in appeals being taken to the BOCA[1] Code Appeal Board ("Board"). Appeals were taken from the City Code Enforcement Department's findings of fact pertaining to the following properties: (1) 419/421 Washington Avenue, Clarksburg, West Virginia; (2) 439/441 East Pike Street, Clarksburg, West Virginia; and (3) 346 Hickman Street, Clarksburg, West Virginia.

10. Gregory Hall filed an application for appeal on behalf of E.M.T. Properties on November 15, 2006, arising from findings of fact made by the City Code Enforcement Department about a structure located at 419/421 Washington Avenue. Mr. Hall was granted continuances to make the necessary repairs from November 15, 2006, until August 31,

---

[1] BOCA appears to refer to the "Building Officials & Code Administrators International," as defined in W.Va. C.S.R. § 87-4-2.6 (1989).

4

2008. At the Board's September 17, 2008, meeting, the Board voted to uphold the Demolition Order in effect at the property.

11. Mr. Hall filed an application for appeal arising from findings of fact made by the City Code Enforcement Department pertaining to the demolition of the structure at 439/441 East Pike Street. The appeal was first discussed by the Board on September 19, 2007. Mr. Hall was granted three extensions, giving him until August 31, 2008, to bring the property in compliance with the applicable Codes and obtain a Certificate of Occupancy from the City Code Enforcement Department. At the Board's September 17, 2008, meeting, the Board found that the work had not been completed and the work that had been completed was substandard. The Board voted to uphold the Demolition Order in effect at the property.

12. An application for appeal was made by Mr. Hall on behalf of E.M.T. Properties arising from findings of fact made by the City Code Enforcement Department regarding demolition of the structure at 346 Hickman Street. Despite two separate extensions of twenty additional days to complete work, the required work had not been completed. At the Board's September 16, 2009, meeting, the Board unanimously approved a motion to uphold the Code Enforcement Demolition Order.

13. A writ of certiorari was sought with regard to 419/421 Washington Avenue and 439/441 East Pike Street in Harrison County Civil Action No. 08-C-570-2. A writ of certiorari was sought with regard to 346 Hickman Avenue in Harrison County Civil Action No. 09-C-473-2.

5

14. Neither of the sought writs of certiorari challenged the validity of the City's ordinances and each writ of certiorari was denied. An appeal to the Supreme Court of Appeals of West Virginia was not made in either civil action.

15. The Plaintiffs filed their complaint on June 4, 2012. The Plaintiffs contend that Ordinance Nos. 03-16 and 08-15 "are unlawful, illegal and of no legal force and effect and are void *ab initio* because they are, in whole or in part, (a) in violation of the lawfully adopted and promulgated West Virginia State Building Codes in effect at the relevant time periods; (b) in violation of *West Virginia Code* § 8-11-2; and, (c) were prepared, adopted and passed in violation of *West Virginia Code* § 8-11-4." (Compl. ¶ 20.) Additionally, the Plaintiffs contend that the "ordinances ... are illegal, unlawful and void as a matter of fact and law because such ordinances ... are in excess of [the City's] lawful powers as defined by the West Virginia State Building Code and the 2003 and 2009 International Property Maintenance Codes it officially adopted under the applicable provisions of *West Virginia Code* §§ 8-12-13, 29-3-5b and the *West Virginia Code of State Rules* §§ 87-4-1, *et seq.*" (Compl. ¶ 25.) The Plaintiffs also contend that the City was required to notify, send, and file a copy of its ordinances and building code within thirty days of adoption to the State Fire Commission. (Compl. ¶ 35.)

16. Based on these allegations and others in the Complaint, the Plaintiffs seek a declaration that:

> (a) Article 1705.10, entitled, "Demolition," subsection (c), "Failure to Comply," of the Codified Ordinances of Clarksburg – (Ordinance 08-15, adopted and passed on June 19, 2008) is unlawful, invalid and void *ab initio*;
>
> (b) Article 1705.10, entitled, "Demolition," subsection (a), "General," of the Codified Ordinances of Clarksburg – (Ordinance 03-16, adopted and passed on September 19, 2003) is unlawful, invalid and void *ab initio*;

6

(c) Since enactment, Defendant City of Clarksburg has failed to comply with the mandatory requirements of Article 1705.06(b), entitled, "Notice of Violation," and Articles 1705.07(a), (b) and (c), entitled, "Notices and Orders," concerning notices of violation and the required information to be included in same;

(d) Article 1705.04, entitled, "Right of Entry and Inspection," of the Codified Ordinances of Clarksburg – (Ordinance 03-16, adopted and passed on September 18, 2003) is unlawful, invalid and void *ab initio*;

(e) All citations, notices of violations, condemnations and demolitions issued, ordered and conducted under the Codified Ordinances of Clarksburg as a result of official action taken on behalf of Defendant City of Clarksburg by Jonathan R. Davis during the period of time he engaged in the unlicensed practice of building code enforcement because he was not certified to do so by the West Virginia State Fire Marshal's Office be held unlawful, invalid and void.

(Compl. ¶ 29.)

17. In the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, the Defendant contends it is entitled to summary judgment on three different bases: (1) the Plaintiffs' declaratory judgment action challenging the validity of Ordinance No. 03-16 (adopted and passed on September 18, 2003) and Ordinance No. 08-15 (adopted and passed on June 19, 2008) are barred by the doctrine of laches; (2) public policy bars the Plaintiffs' challenge to the validity of the City's Ordinances; and (3) the City complied with West Virginia law in enacting Ordinance Nos. 03-16 and 08-15.

18. The Plaintiffs' Response primarily contends that (1) laches is generally a fact question and not subject to summary judgment; (2) public policy favors the Plaintiffs in this matter where the Defendant's actions deprived the Plaintiffs of property and caused them injury; and (3) whether the Defendant complied with West Virginia law in enacting the challenged Ordinances presents questions of material fact. (Pls.' Resp. at 2.)

7

## CONCLUSIONS OF LAW

"Any person ... whose rights, status or other legal relations are affected by a ... municipal ordinance, ... may have determined any question of construction or validity arising under the ... ordinance ... and obtain a declaration of rights, status or other legal relations thereunder." W.Va. Code § 55-13-2. "A declaratory judgment action is a proper procedure for an adjudication of the legal rights and duties of parties to an actual, existing controversy which involves the construction or application of a statute or of statutes." Syl. pt. 2, *Arthur v. County Court of Cabell County*, 153 W.Va. 60, 167 S.E.2d 558 (1969).

"[A]nother method enabling courts to make legal determinations is the summary judgment proceeding." *Harrison v. Town of Eleanor*, 191 W.Va. 611, 615-16, 447 S.E.2d 546, 550-51 (1994). "'A motion for summary judgment should be granted if the pleadings, affidavits or other evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Syllabus, *Hanks v. Beckley Newspapers Corp.*, 153 W.Va. 834, 172 S.E.2d 816 (1970)." Syl. pt. 2, *Harrison v. Town of Eleanor*, 191 W.Va. 611, 447 S.E.2d 546.

### *Laches bars the Plaintiffs' procedural challenges to Ordinance Nos. 03-16 and 08-15.*

The Defendant first contends that the Plaintiffs' declaratory judgment action challenging the validity of Ordinance Nos. 03-16 and 08-15 is barred by the doctrine of laches. The Plaintiffs respond that laches is generally a fact question and not subject to summary judgment. The Plaintiffs add that any delay in challenging the ordinances was not unreasonable and was not prejudicial to the Defendant.

The equitable doctrine of laches applies to proceedings for declaratory relief. *See Maynard v. Board of Educ. of Wayne County*, 178 W.Va. 53, 60, 357 S.E.2d 246, 253-54 (1987).

8

"The elements of laches consist of (1) unreasonable delay and (2) prejudice." *Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996). "Mere delay will not bar relief in equity on the ground of laches. Laches is a delay in the assertion of a known right which works to the disadvantage of another, or such delay as will warrant the presumption that the party has waived his right." Syl. pt. 1, *State ex rel. Smith v. Abbot*, 187 W.Va. 261, 418 S.E.2d 575 (1992) (internal quotations and citation omitted).

Reference to the applicable statute of limitations is appropriate in determining whether a claim is barred by laches. "[A] suit in equity will not be barred by laches before the time fixed by an analogous statute of limitations." *Maynard*, 178 W.Va. at 60, 357 S.E.2d at 254. In this regard, W.Va. Code § 55-2-12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

In determining whether the elements of laches are present, distinctions must be drawn between defects which are substantive and those which are merely procedural. *See Citizens for Responsible Gov't v. Kitsap County*, 52 Wash.App. 236, 239, 758 P.2d 1009, 1011 (1988). "Laches remains applicable when a challenge to enactment procedures is involved with no substantive objection." *Schaeffer v. Anne Arundel County*, 338 Md. 75, 80, 656 A.2d 751, 753 (1995) (citations omitted). However, "an ordinance that is clearly a usurpation of power, inconsistent with constitutional or statutory provisions, or an invasion of property with no relation to the public health, safety, morals, or welfare, is void and incapable of being validated."

9

*Citizens for Responsible Gov't*, 758 P.2d at 1011. "It can be attacked at any time, regardless of previous acquiescence or the amount of time since its passage." *Id.*

In the case at hand, the Plaintiffs raise two procedural challenges. The first procedural challenge relates to the Plaintiffs' argument that the City's ordinances were prepared, adopted and passed in violation of West Virginia Code § 8-11-4. The Plaintiffs allege violations of W.Va. Code § 8-11-4(b), which sets forth the procedures for enacting an ordinance. However, they do not specifically lodge any substantive challenges under subsection (b). The second procedural challenge is whether the City failed to give the State Fire Commission notification of the subject ordinances as required by W.Va. Code § 29-3-5b and the accompanying regulations in West Virginia Code of State Rules § 87-4-1 et seq. Likewise, a failure to give the State Fire Commission notification of the adoption of the State Building Code is a procedural defect. The notice requirement does not pertain to the nature of the ordinance itself; it instead pertains to the mode in which a municipality enacts the State Building Code.

The Plaintiffs waited over eight years to challenge Ordinance No. 03-16 and almost four years before challenging Ordinance No. 08-15 on procedural defects. The Plaintiffs had constructive knowledge of any defect in enactment procedures on September 18, 2003, for Ordinance No. 03-16 and June 19, 2008, for Ordinance No. 08-15. Further, the Plaintiffs were aware that these Ordinances resulted in enforcement action against their property. A challenge for declaratory relief could have been raised at that point, if not earlier. Therefore, the Court concludes that delay of this length constitutes unreasonable delay in satisfaction of the first element of laches.

The Defendant has also established that it is prejudiced by the Plaintiffs' unreasonable delay. The City's enforcement of its ordinances has resulted in expenditures in compensating its

10

Code Enforcement officers, compensation paid to the City's employees for their contributions to demolishing properties, and payments to contractors to clean up and demolish properties. Such expenditures of public funds are sufficient to satisfy the second element of laches.

The entry of summary judgment is appropriate where no genuine issues of material fact are in dispute and the moving party is entitled to judgment as a matter of law. *See* W. Va. R. Civ. P. 56(c). On the issue of laches in this case, no issues of material fact are in dispute and the case is ripe for summary judgment. The absence of any disputed facts makes laches an appropriate basis for summary judgment to be granted. Therefore, the Court concludes that the Plaintiffs' challenges under West Virginia Code § 8-11-4 and the notice requirement in West Virginia Code § 29-3-5b and accompanying regulations are barred by the doctrine of laches.

### Public Policy bars the Plaintiffs' procedural challenges to Ordinance Nos. 03-16 and 08-15.

The Defendant next argues that public policy bars the Plaintiffs' challenge to the validity of the City's Ordinances. The Defendant cites three cases in support of its position that public policy bars the Plaintiffs' declaratory relief claim: *Trainor v. City of Wheat Ridge*, 697 P.2d 37 (Colo. App. 1984), *West Essex Bldg. & Loan Ass'n v. Borough of Caldwell*, 112 N.J.L. 466, 171 A. 671 (N.J. Sup. Ct. 1934), and *Ninth St. Improvement Co. v. Ocean City*, 90 N.J.L. 106, 100 A. 568 (N.J. Sup. Ct. 1917). The Plaintiffs respond that public policy favors the Plaintiffs in this matter where the Defendant's actions deprived them of property and caused them injury.

As pointed out by the Defendant in its Reply in Support of Defendant's Motion for Summary Judgment, all three cases concluded that challenges on *procedural grounds* to ordinances long-accepted by the public should not be permitted as a matter of public policy. *See Trainor*, 697 P.2d at 39 ("[A]fter long public acquiescence in the substance of an ordinance,

11

public policy does not permit such an attack on the validity of the ordinance because of procedural irregularities."); *see also West Essex Bldg. & Loan Ass'n*, 112 N.J.L. at 468, 171 A. at 672 ("Public policy forbids an attack based upon informalities and irregularities in the procedure which led to the adoption of the ordinance ...."); *see also Ninth St. Improvement Co.*, 90 N.J.L. at 109, 100 A. at 568 ("[T]his prosecutor is too late to be heard to complain of alleged informalities and irregularities in the procedure, which led to its adoption."). Each case establishes that public policy bars challenges to the validity of ordinances when plaintiffs engage in a lengthy delay before challenging an ordinance and where the public has relied upon the ordinance's validity.

As indicated above, the only procedural challenges made by the Plaintiffs concern application of W.Va. Code § 8-11-4 and the notice requirement in the West Virginia Code and accompanying regulations. As discussed in *Citizens for Responsible Gov't*, "an ordinance that is clearly a usurpation of power [or] inconsistent with constitutional or statutory provisions .... is void and incapable of being validated." *Citizens for Responsible Gov't v. Kitsap County*, 52 Wash.App. at 239, 758 P.2d at 1011. "It can be attacked at any time, regardless of previous acquiescence or the amount of time since its passage." *Id.* Contrary to the Defendant's assertions, whether the City's ordinances deviate from West Virginia State Building Codes or whether the City acted in an arbitrary or discriminatory manner in violation of W.Va. Code § 8-11-2 are not merely matters of procedure.

The Plaintiffs have waited over eight years to challenge Ordinance No. 03-16 and almost four years to challenge Ordinance No. 08-15. Furthermore, there has been public reliance on the ordinances in question. Since passage of Ordinance No. 90-6 and 97-10, the State Building Code has been applicable to individuals owning property within City limits. Over the course of that time, the public has acquiesced to the City's adoption and enforcement of the State Building

12

Code and has relied on the validity of the City's ordinances in conforming their property to the State Building Code. Ordinance Nos. 03-16 and 08-15, which have been enforced and relied upon by the public, cannot now be challenged after their passage based on procedural defects.

The Court finds the public policy espoused in the three aforementioned cases cited by the Defendants to be persuasive. Therefore, public policy bars the Plaintiffs' procedural challenges to the Ordinances' validity. Because public policy bars the Plaintiffs' claim for declaratory relief on the procedural challenges, the Court concludes that summary judgment is proper.

### Remaining challenges to Ordinance Nos. 03-16 and 08-15.

"The rules for construing statutes also apply to the interpretation of municipal ordinances. There is generally a presumption that an ordinance is valid when it appears that its subject matter is within a municipality's power and it has been lawfully adopted. The burden of proof is on the person asserting that the ordinance is invalid." Syl. pt. 1, *Town of Burnsville v. Kwik-Pik, Inc.*, 185 W.Va. 696, 408 S.E.2d 646 (1991). "When a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect." Syl. pt. 1, *Vector Co. v. Board of Zoning Appeals of City of Martinsburg*, 155 W.Va. 362, 184 S.E.2d 301 (1971).

"The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syl. pt. 8, *Vest v. Cobb*, 138 W.Va. 660, 76 S.E.2d 885 (1953). "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

13

Stated succinctly, the Plaintiffs contend that (1) Ordinance Nos. 03-16 and 08-15 are void because they deviate from the state building code in effect at the relevant time periods (specifically, Articles 1705.04 and 1705.10 in Ordinance No. 03-16 and Article 1705.10 in Ordinance No. 08-15); (2) Ordinance Nos. 03-16 and 08-15 were used in a discriminatory or arbitrary manner under W.Va. Code § 8-11-2; (3) Ordinance Nos. 03-16 and 08-15 were prepared, adopted and passed in violation of W.Va. Code § 8-11-4; (4) Ordinance Nos. 03-16 and 08-15 do not have any legal effect because the City did not notify the State Fire Commission within thirty (30) days of their adoption; and (5) all enforcement actions taken by the City as a result of official action taken by Jonathan R. Davis while he was not certified is void. Each contention will be addressed in turn.

**(1) Whether Ordinance Nos. 03-16 and 08-15 are void because they deviate from the State Building Code in effect at the relevant time periods.**

In 1988, the West Virginia Legislature enacted W.Va. Code § 29-3-5b. W.Va. Code § 29-3-5b(b) required the West Virginia State Fire Commission to "commence promulgation of comprehensive rules and regulations regarding building construction, renovation, and all other aspects as related to the construction and mechanical operations of a structure. Upon the completion of the promulgation of the rules and regulations, such rules and regulations shall be known as the 'State Building Code'." On April 28, 1989, the West Virginia State Building Code was made effective after the promulgation of the rules and regulations by the West Virginia State Fire Commission.

In response to W.Va. Code § 8-12-13, which voided all existing municipal building codes one year after the promulgation of a state building code, the City of Clarksburg enacted Ordinance No. 90-6. Ordinance No. 90-6 remained in effect until the passage of Ordinance No.

14

97-10, which repealed and reenacted Article 1720 of the City's Codified Ordinances and again adopted the State Building Code.

After changes to the State Building Code were made by the State Fire Commission, the City passed Ordinance No. 03-16. Ordinance No. 03-16 amended Articles 1720 and 1705 and was passed "to reflect changes to said State Building Code as adopted by the West Virginia State Fire Marshal; to further incorporate procedural details of said State Building Code into the Administrative Section of the City Building Code; and to increase penalty amounts for subsequent citations for the same violation of the City's Building Code[.]" At the time of this amendment, the State Building Code had last been revised by the State Fire Commission by rule made effective on April 1, 2003. *See* W.Va. C.S.R. § 87-4-1 et seq. (2003). After that revision, the State Building Code was comprised of the International Property Maintenance Code, First Edition, 2000. *See* W.Va. C.S.R. § 87-4-4.1.5 (2003). Local jurisdictions were permitted to reject the International Property Maintenance Code ("IPMC") while adopting the remaining codes set forth in the State Building Code. *See id.* In Ordinance 03-16, no reference is made to the City's rejection of the IPMC. Ordinance No. 03-16 incorporated by reference all future amendments to the State Building Code made by the State Fire Commission.

In the case at hand, the Plaintiffs argue that W.Va. Code § 8-12-13 requires a municipality's ordinances to be the same as the state building code. W.Va. Code § 8-12-13(b) provides that "[u]pon the voidance of the municipality's existing building code, if the municipality votes to adopt a building code, *it must be the state building code* promulgated pursuant to chapter twenty-nine, article three, section five-b of this code." (emphasis added).

15

However, the enabling legislation found in W.Va. Code § 29-3-5b allows for differences in a municipality's ordinance and the State Building Code. W.Va. Code § 29-3-5b(c) (1988)[2] provided, in part:

> Whenever any other state law, county or municipal ordinance or regulation of any agency thereof is more stringent or imposes a higher standard than is required by the state fire code[3], the provisions of such state law, county or municipal ordinance or regulation of any agency thereof shall govern, provided they are not inconsistent with the laws of West Virginia and are not contrary to recognized standards and good engineering practices.

Based upon this language, it is apparent that the legislature left open the possibility for a municipal ordinance to be more stringent or impose a higher standard than is required by the State Building Code, so long as any such ordinance is not inconsistent with the laws of West Virginia and is not contrary to recognized standards and good engineering practices. *See State ex rel. State Line Sparkler of WV, Ltd. v. Teach*, 187 W.Va. 271, 273, 418 S.E.2d 585, 587 (1992).

W.Va. Code § 29-3-5b further provides a mechanism for determining the priority of any municipal ordinance that is allegedly more stringent or allegedly imposes a higher standard than is required by the State Building Code. W.Va. Code § 29-3-5b(c) (1988) provided that

> In any question, the decision of the state fire commission determines the relative priority of any such state law, county or municipal ordinance or regulation of any agency thereof and determines compliance with state fire regulations[4] by officials of the state, counties, municipalities and political subdivisions of the state.

In this case, the Plaintiffs contend that Ordinance Nos. 03-16 and 08-15 are void because they deviate from the state building code in effect at the relevant time periods. The Plaintiffs further contend that the ordinances are void because they are in excess of the City's lawful

---

[2] The language in subsection (c) is substantially the same as W.Va. Code § 29-3-5b(f) (2009) and § 29-3-5b(f) (2013).

[3] W.Va. Code § 29-3-5b(c) (1988) and § 29-3-5b(c) (1990) referenced the "state fire code." However, the amendment to § 29-3-5b in 1999 rewrote the section and replaced this language with "state building code," which continues to appear in the current version of the statute. This specific language seems to have been changed in recent versions of the statute because during the enactment of § 29-3-5b, a state building code did not yet exist.

[4] Reference in the statute to "state fire regulations" was subsequently changed to "state building code" in W.Va. Code § 29-3-5b(c) (1999). *See* footnote 2, *supra*.

16

powers as defined by the State Building Code and the 2003 and 2009 International Property Maintenance Codes it officially adopted. As expressly provided by W.Va. Code § 29-3-5b, such determinations must be made by the State Fire Commission. Therefore, this Court does not have jurisdiction to determine if the subject ordinances impermissibly deviate from the State Building Code.

**(2) Whether Ordinance Nos. 03-16 and 08-15 were used in a discriminatory or arbitrary manner under W.Va. Code § 8-11-2.**

The Plaintiffs next contend that Ordinance Nos. 03-16 and 08-15 were used in a discriminatory or arbitrary manner under W.Va. Code § 8-11-2. W.Va. Code § 8-11-2 provides:

> The fact that an ordinance vests in the governing body or some other body or officer a discretion to do, or refuse to do, a given thing, shall not invalidate such ordinance when it would be impracticable to lay down by ordinance for all cases a uniform guide for exercising such discretion. This section shall not be construed to mean that a delegation of discretion in any other case shall necessarily invalidate an ordinance. However, if, in any case, a delegated discretion is exercised in an arbitrary or discriminatory manner, such ordinance, as so applied, shall be unlawful and void.

In the case at hand, the Plaintiffs have been less than clear in their complaint, Response in Opposition to Defendant's Motion for Summary Judgment, and oral argument regarding how Ordinance Nos. 03-16 and 08-15 were used in a discriminatory or arbitrary manner.[5] As discussed above, the State Fire Commission determines the relative priority of challenged municipal ordinances. Before the Court can make a determination concerning whether the subject ordinances were used in a discriminatory or arbitrary manner in this case, a decision must be made by the State Fire Commission concerning whether the challenged ordinance provisions have priority. Put differently, the Court cannot decide whether provisions in Ordinance Nos. 03-

---

[5] The Court reminds the Plaintiffs that "[j]udges are not like pigs, hunting for truffles buried in briefs[.]" *State v. Honaker*, 193 W.Va. 51, 56 n. 4, 454 S.E.2d 96, 101 n. 4 (1994) (internal quotations and citations omitted).

17

16 and 08-15 were used in a discriminatory or arbitrary manner until a determination has been made concerning whether provisions in those ordinances are legally effective.

**(3) Whether Ordinance Nos. 03-16 and 08-15 were prepared, adopted and passed in violation of W.Va. Code § 8-11-4.**

The Plaintiffs next argue that Ordinance Nos. 03-16 and 08-15 were not passed in compliance with W.Va. Code § 8-11-4(b), which provides:

> Notwithstanding any charter provision to the contrary, which charter provision was in effect on the effective date of this section, the governing body of any municipality may adopt, by ordinance, building codes, housing codes, plumbing codes, sanitary codes, electrical codes, fire prevention codes, or any other technical codes dealing with general public health, safety or welfare, or a combination of the same, or a comprehensive code of ordinances, in the manner prescribed in this subsection (b). Before any such ordinance shall be adopted, the code shall be either printed or typewritten and shall be presented in pamphlet form to the governing body of the municipality at a regular meeting, and copies of such code shall be made available for public inspection. The ordinance adopting such code shall not set out said code in full, but shall merely identify the same. The vote on adoption of said ordinance shall be the same as on any other ordinance. After adoption of the ordinance, such code or codes shall be certified by the mayor and shall be filed as a permanent record in the office of the recorder, who shall not be required to transcribe and record the same in the ordinance book as other ordinances are transcribed and recorded. Consistent with the provisions of subsection (a) of this section, it shall not be necessary that any such ordinance, either as proposed or after adoption, be published in any newspaper, and it shall not be necessary that the code itself be so published, but before final adoption of any such proposed ordinance, notice of the proposed adoption of such ordinance and code shall be given by publication as herein provided for ordinances the principal object of which is the raising of revenue for the municipality, which notice shall also state where, within the municipality, the code or codes will be available for public inspection.

As discussed above, the Plaintiffs' challenge to the subject ordinances under W.Va. Code § 8-11-4 is barred by laches and public policy. However, even if the Plaintiffs were permitted to challenge the subject ordinances, the Plaintiffs have not satisfied their burden in proving that the ordinances were passed in violation of W.Va. Code § 8-11-4(b).

18

The Plaintiffs do not specify how Ordinance Nos. 03-16 or 08-15 fail to comply with W.Va. Code § 8-11-4(b). A review of the record indicates that Ordinance No. 03-16 was first read at the city council meeting on September 4, 2003, and the second reading occurred at the city council meeting on September 18, 2003. The ordinance was signed by then-mayor Sam Lopez, recorded, and filed at the city clerk's office in Ordinance Book No. 11, at page 525. Thus, Ordinance No. 03-16 was properly enacted pursuant to W.Va. Code § 8-11-4.

A review of the record further indicates that Ordinance No. 08-15 was first read at the city council meeting on June 5, 2008, and the second reading occurred at the city council meeting on June 19, 2008. The ordinance was signed by then-mayor Dan Thompson, recorded, and filed at the city clerk's office in Ordinance Book No. 12, at page 420. Thus, Ordinance No. 08-15 was properly enacted pursuant to W.Va. Code § 8-11-4.

As such, no genuine issue of material fact exists on the Plaintiffs' contention that the City violated W.Va. Code § 8-11-4. In the Plaintiffs' Response, the Plaintiffs claim only that "[w]hether the Defendant complied with West Virginia Code, as indicated herein, remains an issue of material face in dispute." (Pls.' Resp. at 13). The Plaintiffs have failed to identify any facts supporting their allegation that Ordinance Nos. 03-16 and 08-15 are in violation of W.Va. Code § 8-11-4. Indeed, "[a] party may not oppose summary judgment by alleging the *mere existence* of a factual dispute, but must instead point to specific facts demonstrating a genuine issue of fact worthy of being tried." *Reed v. Orme*, 221 W.Va. 337, 344, 655 S.E.2d 83, 90 (2007) (emphasis in original). The Plaintiffs have identified no specific facts demonstrating a genuine issue of fact. Furthermore, the Plaintiffs have failed to (1) rehabilitate the evidence attacked by the Defendant, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as

19

provided by Rule 56(f) of the *West Virginia Rules of Civil Procedure. See Crum v. Equity Inns, Inc.*, 224 W.Va. 246, 254, 685 S.E.2d 219, 227 (2009) (internal citation omitted).

**(4)  Whether the City was required to notify the State Fire Commission within thirty (30) days of adopting Ordinance Nos. 03-16 and 08-15.**

The Plaintiffs next contend that Ordinance Nos. 03-16 and 08-15 do not have any legal effect because the City did not notify the State Fire Commission within thirty (30) days of their adoption as required by West Virginia Code of State Rules § 87-4-7. As discussed above, the Plaintiffs' challenge to the subject ordinances because of the alleged failure to notify the State Fire Commission within thirty (30) days of their adoption is barred by laches and public policy. Nevertheless, the City was not required to provide a copy of Ordinance No. 03-16 or Ordinance No. 08-15 to the State Fire Commission.

Pursuant to W.Va. Code § 29-3-5b(g) (2003), "[a]fter the state fire commission has promulgated rules as provided in this section, each county or municipality *intending to adopt* the state building code shall notify the state fire commission of its intent." (emphasis added). W.Va. C.S.R. § 87-4-7.1 (2003) further provided:

> Each local jurisdiction *adopting* the State Building Code shall notify the State Fire Commission in writing. The local jurisdiction shall send a copy of the ordinance or order to the State Fire Marshal, West Virginia State Fire Commission, 1207 Quarrier Street, 2nd floor, Charleston, West Virginia 25301, within thirty (30) days of adoption. (emphasis added).

Based upon the language in both the code and the regulation, a local jurisdiction is required to notify the State Fire Commission only upon adoption of the State Building Code. In this case, the City adopted the State Building Code in 1990 with passage of Ordinance No. 90-06. The record indicates that receipt of the ordinance adopting the State Building Code is evidenced by a letter sent by the State Fire Administrator to the City Clerk on December 12,

20

1990. Ordinance No. 03-16, however, *amended* Article 1720 of the codified ordinances of the City of Clarksburg, which is entitled "State Building Code," and Article 1705, entitled "Enforcement and Penalty".

The City was likewise not required to notify the State Fire Commission of Ordinance No. 08-15. This ordinance amended Article 1705.10(c) and set forth procedures the City may employ to recover costs expended in demolishing properties pursuant to W.Va. Code § 8-12-16.

Even if the City was required to notify the State Fire Commission of Ordinance No. 03-16, any failure to do so was cured by later providing the ordinance to the State Fire Marshal. The record indicates that the State Fire Marshal's office received Ordinance No. 03-16 on November 9, 2004. Nothing in the record indicates that any prejudice occurred from the delayed notification.

**(5)  Whether all enforcement actions taken by the City as a result of official action taken by Jonathan R. Davis while he was not certified are void.**

The Plaintiffs' last contention is that the City of Clarksburg permitted, directed and authorized Jonathan R. Davis to take official code enforcement action on its behalf when he lacked the certifications and required qualifications under West Virginia law. The Plaintiffs request that all citations, notices of violations, condemnations and demolitions issued, ordered and conducted under the Codified Ordinances of Clarksburg as a result of official action taken by Mr. Davis during the period of time he engaged in the unlicensed practice of building code enforcement be held unlawful, invalid and void.

In this case, the Court held a non-jury trial on February 7, 2014, to determine the validity of the ordinances at issue in the declaratory judgment action. Whether or not Mr. Davis was certified and any effect a lack of certification may have on enforcement actions does not concern

21

the validity of the ordinances. Furthermore, these issues were bifurcated and have not been properly argued and addressed by the parties. Therefore, the Court will not rule on the Plaintiffs' final contention at this time.

## RULINGS

Based on the foregoing, the Court grants the Defendant's motion for summary judgment on the issue of laches and hereby **ORDERS** that the Plaintiffs' challenge to Ordinance Nos. 03-16 and 08-15 under W.Va. Code § 8-11-4 and the notice requirement under W.Va. Code § 29-3-5b and accompanying regulations is barred by laches.

The Court also grants the Defendant's motion for summary judgment on public policy grounds and **FURTHER ORDERS** that the Plaintiffs' challenge to Ordinance Nos. 03-16 and 08-15 under W.Va. Code § 8-11-4 and the notice requirement under W.Va. Code § 29-3-5b and accompanying regulations is barred by public policy.

The Court **FURTHER ORDERS** that the Plaintiffs' claim for declaratory relief on whether Ordinance Nos. 03-16 and 08-15 impermissibly deviate from the State Building Code is **DENIED** because this Court lacks jurisdiction to determine the relative priority of the City's ordinances.

The Court **FURTHER ORDERS** that the Plaintiffs' claim for declaratory relief on whether Ordinance Nos. 03-16 and 08-15 were used in a discriminatory or arbitrary manner under W.Va. Code § 8-11-2 is **DENIED** because a determination has not been made regarding the relative priority of the City's ordinances.

The Court grants the Defendant's motion for summary judgment concerning alleged violations of W.Va. Code § 8-11-4 and **FURTHER ORDERS** that the Plaintiffs' claim for

22

declaratory relief on whether the City complied with W.Va. Code § 8-11-4 is **DENIED** because Ordinance Nos. 03-16 and 08-15 were properly enacted.

The Court **FURTHER ORDERS** that the Plaintiffs' claim for declaratory relief on whether the City complied with the notice requirement under W.Va. Code § 29-3-5b and accompanying regulations is **DENIED** because the City was not required to provide notice to the State Fire Commission.

The Court **FURTHER ORDERS** that the Plaintiffs' claim that all enforcement actions taken by the City as a result of official action taken by Jonathan R. Davis while he was not certified are void is not subject to the instant Order regarding declaratory judgment relief.

The Circuit Clerk is **DIRECTED** to send certified copies of this Order to Steven Offutt, Esq., at his address of P.O. Box 1244, Harpers Ferry, WV 25425, and to Boyd L. Warner, Esq., at his address of 1085 Van Voorhis Road, Suite 100, Morgantown, WV 26505.

ENTER: 08/13/2014

James A. Matish, Chief Judge

23